IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENIS MARINGO (#A-79-483-831), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3397 |
| | § | |
| ALBERTO GONZALES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Denis Maringo (#A-79-483-831), also known as Dennis David Maringo, is presently in custody of the United States Department of Homeland Security - Immigration and Customs Enforcement ("ICE") agency at a detention facility in Houston, Texas. Maringo has filed a complaint for a writ of mandamus under 28 U.S.C. § 1361, seeking to compel officials with the United States Citizenship and Immigration Services ("CIS") to adjust his immigration status. After reviewing all of the pleadings, and the applicable law, the Court dismisses this case for reasons set forth briefly below.

**I.   BACKGROUND**

Maringo does not provide specific information about his citizenship, his immigration status, or the reasons for his detention. Court records from a previous case filed by Maringo show that he is a native and citizen of Tanzania, who was admitted to the United States in 2000 on a non-immigrant student visa. *See Maringo v. Acosta*, Civil Action No. H-03-3844 (S.D. Tex. Sept. 28, 2004). Shortly after arriving in the United States, Maringo allegedly

entered into a common-law marriage with a United States Citizen. *See id*. Maringo's common-law wife, from whom he has reportedly separated, filed a Form I-130 immigrant visa petition on behalf of her spouse in 2001, and that application was reportedly approved in 2002. Thereafter, Maringo filed a Form I-485 application to adjust his immigration status from a non-immigrant student to that of a permanent resident alien as the relative of a United States Citizen under 8 U.S.C. § 1255. According to the pending complaint in this case, Maringo filed a Form I-485 application to adjust his status in September 2002, which he claims was "improperly accepted" and then "withdrawn" for unspecified reasons.

Court records for another case involving Maringo explain why his Form I-485 was not granted. Maringo was subsequently indicted by a federal grand jury in this district and charged with two counts of immigration fraud. *See United States v. Maringo*, Criminal No. H-05-0129 (S.D. Tex.). In particular, he was accused of making false statements on his Form I-485 application to adjust status and unlawfully procuring his visa by fraud. Maringo pled guilty to both counts on December 15, 2005. He did not file an appeal.

Maringo now seeks a writ of mandamus under 28 U.S.C. § 1361 to compel CIS officials to grant him an adjustment of status under 8 U.S.C. § 1255. Maringo argues that, because he is clearly entitled to an adjust his status to that of a lawful permanent resident, the defendants owe him a non-discretionary duty for which mandamus relief is available. Alternatively, Maringo seeks declaratory and injunctive relief in the form of an order finding

that he is eligible for an adjustment of status. The complaint is dismissed for reasons discussed further below.[1]

## II. **DISCUSSION**

### A. **Subject Matter Jurisdiction**

The Court lacks subject matter jurisdiction in this instance because decisions concerning adjustment of status are discretionary issues over which federal courts have no power to review. In support of that argument, the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1252(a), contains the following jurisdictional restriction on judicial review of denials of discretionary relief or any other discretionary decision by immigration officials acting under the Attorney General's authority:

> (2) Matters not subject to judicial review.
>
> * * * *
>
> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, **no court shall have jurisdiction to review** —

---

[1] In conducting this review, the Court recognizes that Maringo proceeds *pro se* and that his pleadings are entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) ("It is well established that *pro se* complaints are held to less stringent standards that formal pleadings drafted by lawyers.").

>   (i)   any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
>   (ii)  any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief [in asylum cases] under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

The adjustment of status sought by Maringo is governed by 8 U.S.C. § 1255. Under this statute, the status of an alien "may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe," provided that "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a) (emphasis added). Thus, the statute plainly provides that adjustments of status under § 1255 are discretionary.

Discretionary decisions involving applications for adjustment of status under 8 U.S.C. § 1255 are expressly included within the jurisdiction-stripping provision found in the REAL ID Act, codified at 8 U.S.C. § 1252(a)(2)(B)(i). The Fifth Circuit, along with several other courts of appeal that have addressed this issue, has recognized that review of discretionary denials of applications for adjustment of status is plainly precluded by § 1252(a)(2)(B)(i). *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (citing *Zheng Zheng v.*

*Gonzales*, 422 F.3d 98, 111 (3d Cir.2005) ("[Section 1252(a)(2)(B)(i)] plainly forecloses review of the Attorney General's exercise of discretion in granting adjustment of status in individual cases"); *Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005); *Succar v. Ashcroft*, 394 F.3d 8, 19 n.15 (1st Cir. 2005); *Pilica v. Ashcroft*, 388 F.3d 941, 945 (6th Cir. 2004); *Boykov v. Ashcroft*, 383 F.3d 526, 531 (7th Cir. 2004)).

Because the governing statute plainly states that decisions on adjustment of status are discretionary, this Court has no jurisdiction to consider whether Maringo is entitled to an adjustment of status. *See Hadwani*, 445 F.3d at 800. Therefore, to the extent that Maringo seeks an order compelling immigration officials to grant him an adjustment of status, his complaint must be dismissed for want of jurisdiction. In addition, Maringo is not entitled to the relief that he seeks for other reasons set forth below.

### B.     Alternatively, Maringo is Not Entitled to Relief

The complaint filed by Maringo seeks a writ of mandamus, among other things, to compel immigration officials with the CIS to adjust his immigration status pursuant to 8 U.S.C. § 1255.[2] The writ of mandamus is governed by 28 U.S.C. § 1361, which provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary remedy. *Davis v.*

---

[2]   In addition to the federal mandamus statute found at 28 U.S.C. § 1361, Maringo's complaint also makes reference to the Administrative Procedures Act, 5 U.S.C. § 701, and the All Writs Act, 28 U.S.C. § 1651.

*Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). To obtain a mandamus order, a plaintiff must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Id.*

As noted above, Maringo has been convicted of immigration fraud. *See United States v. Maringo*, Criminal No. H-05-0129 (S.D. Tex.). Aliens who have committed immigration fraud are deemed "inadmissible" by § 212(a)(6)(C) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1182(a)(6)(C). An inadmissible alien cannot adjust status under 8 U.S.C. § 1255 because the statute, which is set forth above, plainly requires the alien to be admissible and eligible for permanent resident status. Because Maringo is inadmissible, he is not entitled to a writ of mandamus or any other form of declaratory or injunctive relief that he purports to seek. Accordingly, his complaint must be dismissed for failure to state a claim upon which relief may be granted.

### III.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

2. The plaintiff's complaint is **DISMISSED** for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **November 2, 2006.**

_____
Nancy F. Atlas
United States District Judge

Case 4:06-cv-03397   Document 3   Filed in TXSD on 11/02/06   Page 8 of 8